UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN THOMAS MACCORRIO,

           Plaintiff,

   v.

I.D.,

           Defendant.

Case No. C25-86-KKE

REPORT AND RECOMMENDATION

On January 3, 2025, Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP") along with a proposed complaint. (Dkt. ## 1, 1-1.) Plaintiff left the IFP application entirely blank except for his name and signature. (Dkt. # 1.) In the portion of the complaint where he was required to provide his address, Plaintiff omitted his street address, city, county, and zip code, writing only "Washington." (Dkt. # 1-1 at 1.)

On January 16, 2025, the Clerk's Office filed a letter on the docket notifying Plaintiff that his IFP application was incomplete and that he must submit a completed IFP application by February 18, 2025. (Dkt. # 2.) Plaintiff was warned that failure to remedy the deficiency could lead to dismissal of his case. (*Id.*) The Clerk's Office also noted on the docket that because Plaintiff had not provided an address at the time of filing for the service of documents, his

REPORT AND RECOMMENDATION - 1

deficiency letter would be available at the Clerk's Office. (*See id.*) To date, Plaintiff has not corrected the deficiency in his IFP application.

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for in forma pauperis status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff has not completed a proper affidavit of indigence. Because he provided no information in his IFP application, Plaintiff fails to demonstrate that he cannot afford court fees. (*See* dkt. # 1.) In addition, this Court is unable to seek further information from Plaintiff because he failed to provide a mailing address. (*See* dkt. # 1-1 at 1.) An unrepresented party is required to provide the Court with an address and to notify the Court of any change in address. *See* Local Civil Rule 10(f). Under these circumstances, Plaintiff cannot be permitted to proceed IFP.

Accordingly, after careful consideration of Plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends that Plaintiff's IFP application (dkt. # 1) be DENIED and Plaintiff be directed to pay the filing fee within **thirty (30) days** after entry of the Court's Order adopting this Report and Recommendation. If no filing fee is paid within thirty days of the Court's Order, the Clerk of Court should close the case. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 19, 2025**.

The Clerk is directed to send copies of this order to the parties and to the Honorable Kymberly K. Evanson.

Dated this 4th day of March, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge